PEOPLE OF PUERTO RICO EX REL. SABAT SANTOS, Petitioner and Appellant, *v.* ARTEMIO CAMACHO DÍAZ, Defendant and Appellee.

No. 5921. Argued May 17, 1932.—Decided June 24, 1932.

*Charles E. Winter, Attorney General, A. Ortiz Toro, First Assistant Attorney General,* and *Felipe Janer, Assistant Attorney General,* for The People of Puerto Rico. *R. Ortiz Pacheco* for petitioner-appellant. *E. Ramos Antonini* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a case where the People of Puerto Rico at the relation of Sabat Santos began a *quo warranto* proceeding against Artemio Camacho Díaz. In the pleadings various questions were raised but at the hearing before the district court the matter to be decided was limited to the question whether it was the Governor or the mayor who had the right to appoint in the municipalities of the second and third classes the secretary-auditor designated by Act No. 98 of

1931. The provisions of said act, in so far as pertinent, read as follows:

"Section 8.—That section 28 of 'An Act establishing a system of local government for the municipalities of Porto Rico,' approved April 28, 1928, is hereby amended to read as follows:

" 'Section 28.—Municipal administrative officers shall be those stated below, and their offices shall be incompatible with the office of member of the municipal assembly and with any other remunerated federal, insular or municipal office:

" 'In municipalities of the first class—

1. A Mayor,
2. A Treasurer and School Director,
3. A Director of Charities,
4. A Director of Public Works,
5. An Auditor,
6. A Secretary.

" 'In municipalities of the second and third classes—

1. A Mayor,
2. A Treasurer and School Director,
3. A Secretary-Auditor,
4. A Director of Charities.

" 'No other position or administrative office shall be created by the municipal assembly in addition to those stated in this section, but the municipalities may consolidate the offices in the manner in which the majority of the total number of members composing the municipal assembly shall decide, but in no case shall the offices of Treasurer and Auditor be consolidated; *Provided,* That the office of Director of Charities, whether consolidated or not, shall in all cases fall on a physician-surgeon authorized to practice his profession in Porto Rico.

" 'In all municipalities the executive power shall be vested in the mayor who shall have power to appoint the respective officers with the approval of the municipal assembly, except the municipal auditor, who shall be appointed as hereinafter provided. The mayor may appoint administrative officers when the municipal assembly is not in session, and said officers shall hold their offices until the municipal assembly shall meet in regular or special session and confirms their appointments.

" ' *       *       *       *       *       *       *       *       *       :

"Section 9.—That section 29 of 'An Act establishing a system

of local government for the municipalities of Porto Rico,' approved April 28. 1928, is hereby amended to read as follows:·

" · ( *    *    *    *    *    *    *    *    *

" 'The municipal auditor shall be appointed by the Governor of Porto Rico from a list of three (3) candidates to be submitted for the purpose by the central committee of the party which won the elections in the municipality, and he may be removed by the Governor only for just cause. Against the resolution of the Governor removing him, the auditor, within a period of fifteen days after having been notified of his removal, may appeal to the district court of the judicial district with jurisdiction over the municipality where he rendered his services, and said appeal shall be prosecuted in the same manner provided for appeals granted to mayors in case of their removal, and in the said appeal the court shall review all the questions of fact and of law. The decision of the district court shall be final for the parties.' "

The District Court of Humacao decided that it was the mayor who had the right to appoint. A similar decision was made by the District Court of Bayamón. The district courts of San Juan, Arecibo, Aguadilla, and Mayagüez decided to the contrary. The question was submitted to this Court by appeals from the district courts of Humacao and Bayamón.

In the council chamber of this Court there has been considerable vacillation in attempting to reach a correct decision.

In the discussion and the briefs both parties contended that the question was a perfectly simple one. We have not found it so. The solution has not been an easy one, inasmuch as there are words in the statute wherein each side has been able to discern on the part of the Legislature an intention in favor of its particular view. This was pointed out by each of the judges who sat in the cases in the appeals before us.

The appellant contends that the Legislature passed a general act whereby the Governor was to name the auditor in every municipality; that the intention of the Legislature was so clear that he should name the auditor and control the fiscal powers of the municipalities, that any other words in

the law should not be construed to militate against the supposed clear intention of the Legislature.

The other side maintains just as strenuously that the intention of the Legislature was clearly to abolish the office of auditor as such for the municipalities of the second and third classes; and that it must have been the intention of the Legislature that the mayor should not be deprived of naming his own secretary, who is a person in his confidence.

The District Court of Humacao wrote an elaborate opinion to attempt to show that the office of auditor as such had been abolished in municipalities of the second and third classes. The District Court of Bayamón looking at the question said from the start that the office of auditor had been abolished for said municipalities and hence that the mayor had the right to appoint any other officials created by the terms of Act No. 98 itself. More arguments were produced and can be produced on either side.

Counsel for the government maintain that the District Court of Bayamón took up a very mistaken position. The opinion of the court is criticised because the judge said that from a technical standpoint the case would have to be decided in favor of the mayor. Counsel for the government say that a technical position ought not to prevail when the intention of the statute is perfectly clear. As we have seen, however, there is a conflict of intentions. The District Court of Bayamón necessarily meant what is almost a commonplace, that when the words of a statute are plain or the precedents are clear, a court should follow the letter of the statute or the precedents unless some patent reason to the contrary appears. This is the duty of the court. Every time the court follows a statute it may be said to be technical. Frequently the apparent letter of a statute must yield to the plain intention of the Legislature, but what the district court in this case necessarily meant was that as no such marked intention could be discovered in the law the wording of the act must be followed.

Without finding any direct authority that indicates the rule to be followed we are completely of the opinion that in municipalities of the second and third order the office of the auditor as such was definitely abolished by Act No. 98 and that likewise the office of the secretary was abolished. A new office was created to be known as the secretary-auditor. It is impossible for us to say that the Legislature was giving a preference to the duties of the secretary or the duties of the auditor. The duties of each of these positions were consolidated in the office of secretary-auditor that the law designated. In the municipalities of the second and third classes the auditor and the secretary as such have ceased to exist. Their duties have been cast upon a new officer created by the law. Therefore, while numerous arguments can be made and were made in favor of the idea that the Governor ought to have the right to appoint, the fact remains, as held by both courts, that the office of auditor was suppressed under the Act of 1931, and this was the only municipal office to be filled by the Governor. Therefore, it is the mayor who under section 28, *supra,* has the right to name all municipal officers except the auditor. As the auditor was suppressed for the municipalities of the second and third classes, under the letter of the law it is the mayor who must name the secretary-auditor.

In the municipalities of the first class—Arecibo, Caguas, Mayagüez, and Ponce—the office of auditor remains and the Governor has a right to name such an officer. To that extent the intention of the Legislature that the Governor should name the auditor remains. The appellant, however, contends that the municipalities of the first class have a right to consolidate the offices of secretary and auditor if they so desire, and thus the intention of the Legislature that the Governor should name the auditor might be entirely frustrated. The question of the possibility of a consolidation in this manner is not necessarily before us, but even supposing such a consolidation, the power to do so was placed in the

hands of the municipalities and if as a consequence a new office is also created there—a matter which need not be decided—then the foregoing reasoning applies and the auditor of a first class municipality would have to be considered as also suppressed.

Sections 52 and 167 of the Political Code are inapplicable. They cover the cases when nobody is given power to make an appointment. Under the Municipal Law, as we have held, the mayor is the authorized person to make the appointment.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.

The Chief Justice dissented.


Mr. Chief Justice Del Toro, dissenting.

A careful examination of the facts and the law leads me to the conclusion that to the Governor belongs not only the appointment of auditors in the municipalities of the first class but also that of secretary-auditors in the municipalities of the second and third classes.

Section 28 of the Act No. 98 of 1931, transcribed in the opinion of the majority, not only specifies who are the municipal officers, but also authorizes the municipalities to consolidate their offices with the exception of those of treasurer and auditor, and the very same section put this measure —which tends towards economy in the administration—into practice by directing that the offices of secretary and auditor in the municipalities of the second and third classes were to be filled by only one person. Furthermore, the same section establishes that the mayor shall have the power to appoint the respective officers of the municipality, "*except the municipal auditor who shall be appointed as hereinafter provided,*" that is, by the Governor.

The reform introduced by the Legislature consisted in placing the appointment of the auditor in the hands of an extraneous authority. This is evident, in my opinion, and

it seems to me that to hold the contrary is to go against the spirit of the act.

I think that it can not be maintained that there are no auditors in the municipalities of the second and third classes. There are such officers, as well as secretaries. What happens is that only one person filss both offices by virtue of the act. Who is to appoint that person? In my opinion the Governor should make the appointment, so that the intention of the legislator may be carried out, since the same is so clearly impressed on the act that, although it was not specified therein, as should have been done in order to avoid any doubt, that the Governor was to appoint the auditor and the secretary-auditor, said intention must prevail. A contrary construction would not only render the reform nugatory in the municipalities of the second and third classes, but would also vest in the municipalities of the first class the power to make the same ineffective as to them. The consolidation by said municipalities of the offices of secretary and auditor would suffice to create a new office, the power to fill which would belong to the mayor and not to the Governor.

As I see it, we are dealing here with an omission which can and must be supplied by invoking the spirit of the act and applying by analogy, if necessary, the provisions of the Political Code on the subject.